IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EARL SNYDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-07-323-C |
| | ) | |
| (1) FRANCIS TUTTLE SCHOOL DISTRICT; | ) ) | |
| (2) FRANCIS TUTTLE SCHOOL BOARD; | ) ) | |
| (3) FRANCIS TUTTLE TECHNOLOGY CENTER; | ) ) | |
| (4) DR. KAY MARTIN, Chief Executive Officer and Superintendent; | ) ) | |
| (5) DR. MILLIE CLARK, Campus Administrator/Principal; | ) ) | |
| (6) JODY WEMHANER, Director Health Sciences Programs; | ) ) | |
| (7) LEZLI HEYLAND, Respiratory Care Program Director; | ) ) | |
| (8) CLYDE W. MOSS, Respiratory Care Director of Clinical Education; and | ) ) | |
| (9) KATHERINE KOSECHATA, Respiratory Care Instructor, | ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Earl Snyder has filed suit against Defendants alleging federal due process violations and failure to accommodate pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., as well as state-law intentional infliction of emotional distress and breach of contract claims. (See Am. Compl., Dkt. No. 8.) Defendants have filed a partial motion to dismiss the complaint (see Defs.' Mot., Dkt. No. 18) pursuant to

Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Plaintiff has responded (see Pl.'s Resp., Dkt. No. 22).

## *I.  Background*

In his complaint, Plaintiff alleges that he was enrolled as a student in the respiratory care program at Francis Tuttle Technology Center until he was dismissed from the program effective March 17, 2005.  (See Am. Compl., Dkt. No. 8, ¶¶ 1, 10.)  Plaintiff asserts that his dismissal was purportedly based upon his unsatisfactory progress during a clinical probation period from December 8, 2004, to April 21, 2005, and when he was working a clinical rotation at St. Anthony Hospital from January 6, 2005, to February 3, 2005.  (See id. ¶¶ 10, 12.)  He further alleges that he was notified on March 8, 2005, of a meeting to be held the following day to discuss his progress and evaluation.  (See id. ¶ 12.)  According to Plaintiff, the decision to terminate him from the program already had been made prior to the March 9, 2005, meeting, although he was not aware of this fact at the time.  (See id. ¶¶ 12-13.)  Plaintiff further alleges that he has filed a state tort claim and complied with the required administrative prerequisites to filing this suit.  (See id. at 1.)

## *II.  Standard of Review*

*A.  Documents Outside the Pleadings*

Defendants filed a motion to partially dismiss Plaintiff's suit pursuant to Fed. R. Civ. P. 12(b)(6) and attached a copy of Plaintiff's Notice of Tort Claim against Defendants, dated February 24, 2006.  (See Notice, Defs.' Mot. Ex. 1.)  In his response,

Plaintiff has submitted a copy of the letter that he received from Defendant Jody Wemhaner, the Director of the Health Sciences Center at Francis Tuttle, dated March 17, 2005. This letter informed Plaintiff that the temporary suspension he received at the March 9, 2005, meeting had been further investigated and that "the decision has been made to dismiss you from the Respiratory Care program, effective immediately." (See Wemhaner Letter, Pl.'s Resp. Ex. 1.)

> On a Rule 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). [I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings. However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.

Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (alteration in original) (citations and internal quotation marks omitted). Because both the Notice of Tort Claim and notice of dismissal are (1) referred to in Plaintiff's complaint (see Am. Compl. at 1, ¶ 10); (2) central to Plaintiff's claim; and (3) undisputed by the parties regarding their authenticity, the Court will consider them for purposes of this Rule 12(b)(6) motion.

*B. Fed. R. Civ. P. 12(b)(6)*

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must assume as true all well-pleaded factual allegations in the plaintiff's complaint,

3

view them in the light most favorable to the plaintiff, and resolve all reasonable inferences in the plaintiff's favor.  Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  The Court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  In order to survive Defendants' motion to dismiss, Plaintiff "must 'nudge[ ] [his] claims across the line from conceivable to plausible.'"  Id. (alterations in original) (quoting Bell Atl. Corp., 127 S. Ct. at 1974).  The Tenth Circuit has described this inquiry to mean that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Id.

### III.  Discussion

*A.  Statute of Limitations*

Defendants argue for dismissal of Plaintiff's federal due process and ADA claims based upon his failure to file within the applicable statute of limitations.  (See Defs.' Mot. at 4-6, 8-9.)  According to Defendants, Plaintiff's due process claim should be construed as one arising under 42 U.S.C. § 1983, and the Tenth Circuit has held that the Oklahoma two-year statute of limitations for injury to rights of another is applicable to § 1983 actions and should apply here.  (See id. at 5 (citing 12 Okla. Stat. § 95(A)(3); Abbitt v. Franklin, 731

F.2d 661, 663 (10th Cir. 1984) (en banc)).)  For the Court to determine when Plaintiff's federal § 1983 claim accrued, it must both identify the constitutional violation and locate it in time.  Kripp v. Luton, 466 F.3d 1171, 1175 (10th Cir. 2006).  The point in time at which a claim accrues is a question of federal law, and "[s]ection 1983 claims accrue, for the purposes of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action."  Id. (alteration in original) (internal quotation marks and footnote call numbers omitted).  Defendants argue that the two-year limit of 12 Okla. Stat. § 95(A)(3) likewise applies to Plaintiff's ADA claim.  (See Defs.' Mot. at 8-9.)

Defendants argue that because Plaintiff identified the "[d]ate of occurrence (grievance)" on his Notice of Tort Claim as March 8, 2005, his federal lawsuit is barred because he did not file his first complaint in federal court until March 16, 2007.* (See id. at 9; Compl., Dkt. No. 1.)  Plaintiff does not dispute the applicability of § 1983 or a two-year statute of limitations on both of his federal claims.  Plaintiff argues, however, that regardless of what the Notice of Tort Claim may indicate, the factual allegations of his complaint as well as the dismissal letter sent to him by Defendant Wemhaner show that the two-year period did not begin to run until March 17, 2005, and thus his federal lawsuit is timely.  (See Pl.'s Resp. at 2.)

---

*Plaintiff characterizes this as "a scrivener's error," which seems doubtful under the circumstances.  (See Pl.'s Resp. at 5.)  Whether Plaintiff's use of this date was an accident, however, does not affect the analysis as explained above.

The letter sent by Defendant Wemhaner explicitly states that prior to March 17, 2005, Plaintiff was only on a temporary suspension from the program. (<u>See</u> Wemhaner Letter.) The letter unambiguously explained to Plaintiff, seemingly for the first time, that the dismissal had been discussed and decided and that Plaintiff was officially dismissed, "effective immediately." (<u>See</u> <u>id.</u>) The March 8, 2005, date that Plaintiff noted nearly a year later on his Notice of Tort Claim clearly is meant to show the date that the evaluation and dismissal process started, i.e., the date he was informed of the March 9, 2005, meeting, and not to pinpoint when Plaintiff knew or should have known that he was indeed terminated from the program. (<u>See</u> Notice.) While Plaintiff may have known on March 8, 2005, that he suffered from <u>some</u> injury, Defendants have not shown that he knew or should have known that he had been terminated from the program – a decision which Defendant Wemhaner's letter states was not even finalized until after March 11, 2005. (<u>See</u> Wemhaner Letter.) Defendants' assertion that "[t]he applicable two-year statute of limitations began to run March 8, 2005, <u>when Plaintiff was dismissed</u>," is not supported by the record. (<u>See</u> Defs.' Mot. at 9 (emphasis added).) Plaintiff's due process claims are not time-barred, and dismissal under Rule 12(b)(6) would be inappropriate.

*B. Other Matters*

Defendants further argue for dismissal of Plaintiff's ADA claim pursuant to Rule 12(b)(6) because Plaintiff apparently admits in his complaint that Defendants were unaware of his disability. (<u>See</u> Defs.' Mot. at 9 (<u>quoting</u> Compl. ¶ 33 ("Said [failure to

6

accommodate] is directly attributable to Defendants' failure to provide procedural and substantive due process, which would have revealed, and provided an opportunity to accommodate[,] Plaintiff's condition.")).)  Defendants assert that Plaintiff's allegations are not actionable because Plaintiff's condition was not made known and Plaintiff did not request accommodation.  (See Defs.' Mot. at 9.)  Plaintiff has failed to respond to this contention in his response.  Defendants provided no statutory or other support for dismissal on this ground, however, so dismissal at this stage of proceedings would be premature.

Defendants request that the captions of pleadings in this case be corrected to rename the first three Defendants as: (1) Francis Tuttle Technology Center School District No. 21; and (2) Francis Tuttle Technology Center Board of Education.  Plaintiff agrees that this emendation is proper.  (See Pl.'s Resp. at 6.)  Although Plaintiff originally brought due process claims under both the Fifth and Fourteenth Amendments, Plaintiff has conceded that his Fifth Amendment allegations should be dismissed.  (See id.)  It is unclear from his response whether Plaintiff wishes to abandon his state law claims entirely, but he has further agreed that his breach of contract claims against the individual Defendants, numbered 4-9 in the original case caption, should be dismissed.  (See id.)  Thus, the Court will allow Plaintiff to file a second amended complaint to reflect these changes as agreed upon by the parties.

*IV.  Conclusion*

Upon consideration of Defendants' motion to dismiss Plaintiff's due process claims (Dkt. No. 18), the Court finds that such motion is DENIED.  Plaintiff is instructed to file a second amended complaint with the Court, correcting the caption and the claims as agreed upon by the parties and outlined herein, but otherwise identical to his previous amended complaint.

IT IS SO ORDERED this 5th day of December, 2007.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge