IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EARL SNYDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-07-323-C |
| | ) | |
| (1) FRANCIS TUTTLE TECHNOLOGY CENTER SCHOOL DISTRICT NO. 21; | ) ) | |
| (2) FRANCIS TUTTLE TECHNOLOGY CENTER BOARD OF EDUCATION; | ) ) | |
| (4) DR. KAY MARTIN, CHIEF EXECUTIVE OFFICER AND SUPERINTENDENT, FRANCIS TUTTLE TECHNOLOGY CENTER SCHOOL DISTRICT NO. 21; | ) ) ) ) ) | |
| (5) DR. MILLIE CLARK, CAMPUS ADMINISTRATOR/PRINCIPAL; | ) ) | |
| (6) JODY WEMHANER, DIRECTOR HEALTH SCIENCES PROGRAMS; | ) ) | |
| (7) LEZLI HEYLAND, RESPIRATORY CARE PROGRAM DIRECTOR OF CLINICAL EDUCATION, AND | ) ) ) ) | |
| (9) KATHERINE KOSECHATA, RESPIRATORY CARE INSTRUCTOR, | ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff has filed a motion requesting that he be allowed to dismiss his action against Defendants without prejudice. (See Pl.'s Mot., Dkt. No. 35.) Defendants have responded (see Defs.' Resp., Dkt. No. 36), and this matter is now at issue.

Although Plaintiff's motion is purportedly made pursuant to Fed. R. Civ. P. 41(b), it is clear that his request for dismissal actually lies within the scope of Fed. R. Civ. P. 41(a)(2).

See Ohlander v. Larson, 114 F.3d 1531, 1536-37 (10th Cir. 1997). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Rule further states that such a dismissal is without prejudice unless the Court's order states otherwise. See Fed. R. Civ. P. 41(a)(2).

Defendants object to Plaintiff's motion, as it was filed only three days before the dispositive motion deadline for a case that is set for trial on the August 2008 trial docket. Defendants request that dismissal be conditioned upon the requirement that if Plaintiff refiles his case, he will be required to compensate Defendants for costs and attorney's fees that they incurred in defending this action.

The Court finds that Defendants' argument is well-taken. Fed. R. Civ. P. 41(d) expressly contemplates such a condition being imposed:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Plaintiff himself has stipulated to these conditions. (See Pl.'s Mot. at 1.) In addition, Defendants have expended considerable time and resources on this case, and Plaintiff has failed to provide the Court with any real explanation for his request to dismiss. Cf. Ohlander, 114 F.3d at 1537 (noting that relevant factors in determining whether a defendant suffers legal prejudice by plaintiff's voluntary dismissal include "effort and expense in preparing for trial," "the present stage of litigation," and an "insufficient explanation of the need for a

dismissal"). Therefore, if Plaintiff refiles a future action in this Court against any or all of these Defendants that is based on or includes any of the same claims, the Court may order Plaintiff to pay all or part of the costs incurred by Defendants in the present action and may stay proceedings until such costs are paid.

## CONCLUSION

Plaintiff's motion to dismiss (Dkt. No. 35) is GRANTED. This action is hereby dismissed without prejudice, subject to the conditions outlined herein. This matter is stricken from the August 2008 trial docket.

IT IS SO ORDERED this 23rd day of June, 2008.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge